

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| TERESA ANN KING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:16-cv-2519-MGL |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security | § | |
| Administration, | § | |
| | § | |
| Defendant. | § | |
| | § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND AFFIRMING DEFENDANT'S DENIAL OF PLAINTIFF'S CLAIMS FOR BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendant's decision denying Plaintiff's claims for DIB and SSI be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de

novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 13, 2017.  ECF No. 17.  Plaintiff filed her objections on March 24, 2017.  ECF No. 20.  Defendant failed to object to the Report.  The Court has carefully reviewed Plaintiff's objections and holds them meritless.  Therefore, it will enter judgment accordingly.

Plaintiff filed her application for DIB on November 30, 2012, asserting her disability commenced on May 6, 2012.  Plaintiff's application was denied initially and upon reconsideration.  Plaintiff then filed an application for SSI on August 27, 2014.  The ALJ conducted a hearing on Plaintiff's applications on September 26, 2014.  On December 9, 2014, the ALJ issued a decision holding Plaintiff was not disabled under the Act.  The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision.  Accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review.  Thereafter, Plaintiff filed an action in this Court on July 12, 2016, seeking judicial review of Defendant's decision denying her claims.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a).  The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5)

whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh

3

conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted).  The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff sets forth three objections to the Magistrate Judge's Report.  The Court will address each of Plaintiff's objections in turn.

Plaintiff's first objection relates to the Magistrate Judge's suggestion the ALJ adequately addressed Plaintiff's allegation of lower extremity edema.  The particulars of Plaintiff's argument and reasoning are unclear.  Plaintiff appears to assert the ALJ failed to consider Plaintiff's edema when assessing her residual functional capacity (RFC).  As the Magistrate Judge thoroughly explained, however, the ALJ did acknowledge and consider Plaintiff's claim that edema in her lower extremities prevented her from working when assessing her RFC.  *See* Tr. at 16-21.

Plaintiff also appears to claim it is impossible to determine whether the AJL held Plaintiff's lower extremity edema was severely disabling.  A review of the ALJ's decision reveals he determined Plaintiff's edema was not severely disabling.  *See* Tr. at 13-15, 21.  In an abundance of caution, the Court has conducted a de novo review of the portion of the Magistrate Judge's Report regarding whether the ALJ adequately addressed Plaintiff's edema, and the Court holds the Magistrate Judge's recommendation is well-reasoned and proper.  Accordingly, the Court holds Plaintiff's first objection to be without merit.

In Plaintiff's second objection, she maintains the Magistrate Judge erred in recommending there is no evidence Plaintiff has motor loss such that she meets or equals the impairment in Listing 1.04(A).  Listing 1.04(A) provides:

> 1.04  Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc diseases, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equine) or the spinal cord.  With:
>
> A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) [.]

20 C.F.R. Pt. 404, Subp. P, App'x 1 § 1.04(A).

Plaintiff argues there is evidence she has significant motor loss under Listing 1.00(E)(1). Listing 1.00(E)(1) sets forth guidelines for examination of a claimant's spine and states in relevant part:

> Observations of the individual during the examination should be reported; e.g., how he or she gets on and off the examination table.  Inability to walk on the heels or toes, to squat, or to arise from a squatting position, when appropriate, may be considered evidence of significant motor loss.  However, a report of atrophy is not acceptable as evidence of significant motor loss without circumferential measurements of both thigh and lower legs, or both upper and lower arms, as appropriate, at a stated point above and below the knee or elbow given in inches or centimeters.  Additionally, a report of atrophy should be accompanied by measurement of the strength of the muscle(s) in question generally based on a grading system of 0 to 5, with 0 being complete loss of strength and 5 being maximum strength.

*Id.* at § 1.00(E)(1).  Plaintiff maintains there is evidence she has motor loss because Dr. Ronald Tollison, who performed an independent medical examination of Plaintiff, observed she had difficulty getting on and off the examination table and because she is unable to bend over to touch the floor or perform a knee squat.  Plaintiff's argument is insufficient.

As the Magistrate Judge explained, the impairment in Listing 1.04(A) specifies "motor loss" is characterized by "atrophy with associated muscle weakness or muscle weakness." *Id.* at § 1.04(A).   In her objection, Plaintiff provides no evidence she suffers from atrophy or muscle weakness constituting motor loss for purposes of Listing 1.04(A).  Moreover, Listing 1.00(E)(1)

5

explicitly states atrophy is unacceptable as evidence of motor loss without certain circumferential measurements, and a report of atrophy should be accompanied by muscle strength measurements. *Id.* at § 1.00(E)(1). Plaintiff's reliance on evidence she has difficulty getting on and off an examination table and cannot touch the floor or complete a knee squat is insufficient to prove atrophy or muscle weakness constituting motor loss under both Listing 1.00(E)(1) and 1.04(A), particularly in light of the well-reasoned analysis of the Magistrate Judge, see ECF No. 17 at 33-34. Therefore, the Court rejects Plaintiff's second objection.

Lastly, Plaintiff avers the Magistrate Judge erred in holding the ALJ provided adequate explanations to support his decision to accord little weight to the opinions of Dr. Tollison and Ms. Burton. The Court disagrees. Plaintiff's objection on this matter does nothing more than rehash arguments the Magistrate Judge has already considered and rejected. The Court has conducted a de novo review of the Magistrate Judge's analysis of the ALJ's decision to accord little weight to Dr. Tollison's and Ms. Burton's opinions and agrees with the Magistrate Judge's treatment of this issue. Therefore, the Court will overrule Plaintiff's third objection.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendant's decision denying Plaintiff's claims for DIB and SSI benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 30th day of March 2017 in Columbia, South Carolina.

                                      s/Mary Geiger Lewis
                                      MARY GEIGER LEWIS
                                      UNITED STATES DISTRICT JUDGE